UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANDRE KOVACS,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CR. NO. 2:10-437 WBS<br><br>MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS |

----oo0oo----

Before the court is Andre Kovacs' Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651 filed October 20, 2016 (Docket No. 345), as well as the United States' Motion to Dismiss or Deny Petition for Writ of Error Coram Nobis filed February 27, 2017 (Docket No. 355). In the petition, Kovacs moves to vacate his conviction for unlawful use of a communication facility to facilitate a methamphetamine distribution conspiracy under 21 U.S.C. § 843(b). The court held

1

a hearing on the motion on March 27, 2017.

I.   Factual and Procedural History

In 2010, Kovacs was charged in a multiple-defendant indictment with conspiracy to distribute and possess with intent to distribute at least 50 grams of methamphetamine under 21 U.S.C. §§ 846 and 841(a)(1) (the "methamphetamine conspiracy count") and three counts of the unlawful use of a communication facility to facilitate a methamphetamine distribution conspiracy under 21 U.S.C. § 843(b) (the "phone counts").  (Docket No. 1.) Kovacs and the government eventually reached a plea agreement under which the government agreed to dismiss the methamphetamine conspiracy count and two of the phone counts (Counts 1, 16, and 18) and recommend a sentence on the low end of the applicable Sentencing Guidelines range, while Kovacs agreed to plead guilty to one phone count (Count 19).  (Docket No. 194.)  The plea agreement also contained an appellate waiver under which he gave up the right to appeal or collaterally attack his conviction or sentence.  (Docket No. 194 at 6-7.)[1]

Pursuant to the plea agreement, Kovacs pled guilty to one phone count at his change of plea hearing on July 2, 2012. During the hearing, Kovacs explained that he had issues with PTSD, drug and alcohol abuse, and depression in the past but medication was effectively treating these issues.  His counsel also agreed that Kovacs was in full possession of his faculties

---

[1] Kovacs' petition discusses how his prior counsel faced criminal charges and ethics complaints, but they are irrelevant to the instant motion, because new counsel was appointed in January 2012, well in advance of Kovacs' change of plea hearing in July 2012 and his sentencing in November 2012.

and was capable of proceeding.  Kovacs represented that he understood the plea agreement and that he was entering into the plea agreement voluntarily, and he acknowledged that he was giving up his right to appeal or collaterally attack his conviction and sentence.  (Change of Plea Hr'g Tr. at 3-10 (Docket No. 339).)

The court then asked whether Kovacs understood what the government would have to show should the case proceed to trial, specifically that the government would have to prove 1) Kovacs used a telephone in furtherance of a conspiracy to distribute or to possess with intent to distribute at least 50 grams of methamphetamine, 2) he knew of the conspiracy, and 3) he intentionally used the telephone to further the objects of that conspiracy.  As the basis for this charge, the government explained that law enforcement had intercepted a call between Kovacs and a co-defendant, Amador Rosales, regarding a drug debt Kovacs owed Rosales for methamphetamine.  (Change of Plea Hr'g Tr. at 11-13.)

The court then noted that for a phone call to be "in furtherance" of a drug conspiracy, it needed to involve more than simply the transaction between Rosales and Kovacs.  In response, the government stated that Kovacs knew that Rosales was a seller of methamphetamine to multiple buyers and "that's how Mr. Kovacs is part of this conspiracy by buying the methamphetamine from Mr. Rosales, furthering the drug trafficking business that Mr. Rosales had."  In response, Kovacs explained that "I just would add that I'm just a drug addict, and I bought from a drug dealer."  (Change of Plea Hr'g Tr. 13-14.)

           In response to questioning by the court, Kovacs agreed that he knew Rosales had customers and was part of a group of people selling drugs.  After some discussion regarding Kovacs' drug debt, the court noted its concern whether the government would have enough evidence to show that the phone call was actually pursuant to the methamphetamine conspiracy count.  In response, the government explained that Kovacs knew that Rosales was selling methamphetamine "to other sub distributors of [Rosales'] drug trafficking organization" and that he knew "other parties in [Rosales'] drug trafficking organization" who were part of the methamphetamine conspiracy.  Kovacs agreed that he knew other members of the conspiracy and knew that Rosales was selling large amounts of methamphetamine.  Notwithstanding the concerns expressed by the court, Kovacs proceeded to plead guilty to Count 19 of the Indictment.  (Change of Plea Hr'g Tr. 15-18.)

           At Kovacs' sentencing four months later, the court once again expressed its concerns with Kovacs' guilty plea, noting that 1) it had never seen a case where the defendant who bought drugs for personal use was convicted of possession with intent to distribute, or conspiracy to sell or possess with intent to distribute; and 2) based on the evidence presented to the court, Kovacs could not have been convicted of such a crime, and thus this case differed from normal "phone count" cases.  The court then noted that the parties had agreed that Kovacs was guilty of the charged phone count based on the theory that when a buyer engages in a phone conversation with the seller for the purpose of buying drugs, he thereby facilitates the seller's crime of selling or possession with the intent to sell drugs, and based on

the parties' agreement on this theory, the court had accepted it. (Sentencing Tr. 12-15 (Docket No. 307).) However, given that this case fell "outside the heartland" of normal phone count cases, as well as the need for treatment for PTSD and other issues, the court sentenced Kovacs to time served and 12 months of supervised release, rather than the 41-month sentence recommended by the government. (Sentencing Tr. 13-24.) Kovacs was then ordered released the same day. (Docket No. 222.)

Almost four years later, Kovacs filed his petition for writ of error coram nobis, arguing that his conviction should be vacated because his admitted conduct was not a violation of 21 U.S.C. § 843(b).

II. Legal Standard

A writ of error coram nobis is a "highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Chan, 792 F.3d 1151, 1153 (9th Cir. 2015) (citations omitted). To warrant coram nobis relief, a petitioner must establish that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." Id. (citation omitted). "Because these requirements are conjunctive, failure to meet any one of them is fatal." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002) (citation omitted).

III. Discussion

Here, Kovacs has not shown that his conviction resulted

5

in a fundamental error.  Nor has he provided valid reasons for his delay in attacking his conviction.

        The court's discussion with Kovacs' counsel at the hearing on this petition illustrates his inability to show fundamental error.  Kovacs' counsel agreed that Kovacs' prior counsel, who represented him at the change of plea hearing and at sentencing, was highly qualified and had acted in the best interests of her client in procuring a plea agreement by which the government agreed to dismiss the methamphetamine conspiracy count, which carried a 10-year mandatory minimum sentence.  Indeed, Kovacs' current counsel explained that she had specifically decided not to raise an ineffective assistance of counsel claim in support of her claim of fundamental error as "any lawyer would do this plea" under the circumstances.

        The court recognizes Kovacs' claim that his conduct did not constitute a violation of 21 U.S.C. § 843(b).  See Abuelhawa v. United States, 556 U.S. 816 (2009) (use of telephone to make a misdemeanor drug purchase does not constitute the use of a communication facility in causing or facilitating another's commission of felony of drug distribution in violation of 21 U.S.C. § 843(b)).  However, Kovacs' counsel acknowledged at the hearing on this motion that it was a "close question" whether there was a sufficient factual basis for the phone count.  More importantly, both the United States and Kovacs' counsel agree that Kovacs clearly benefited from the plea agreement because it resulted in a sentence of time served.[2]  Under these

---

[2] Kovacs' counsel also agreed that Kovacs could have been found guilty of methamphetamine possession had he been charged

6

circumstances, Kovacs cannot show that his conviction is a "grave injustice" warranting the extraordinary relief of a writ of error coram nobis. See Chan, 792 F.3d at 1153.[3]

Even assuming Kovacs had shown fundamental error, he has failed to show valid reasons for his delay in bringing his petition. As discussed above, both at the change of plea hearing and sentencing, the court expressed its concern that Kovacs was only a drug buyer and not a member of Rosales' drug conspiracy, and thus there may have been insufficient grounds for Kovacs to be found guilty of using a telephone to facilitate a drug conspiracy under 21 U.S.C. § 843(b). In other words, the court twice provided Kovacs with the precise grounds he raised in the instant petition.

Thus, Kovacs could have sought to withdraw his guilty plea prior to sentencing, could have filed a direct appeal, or could have moved to vacate his conviction under 28 U.S.C. § 2255 during his 12 months of supervised release. See Matus-Leva, 287 F.3d at 761 (defendant under supervised release is in custody and may seek relief under 28 U.S.C. § 2255). Even after completing his supervised release in 2013, Kovacs could have filed a

---

with such crime, and that he could have received a similar sentence under that scenario, although such conviction would have been a misdemeanor.

[3] The court notes that had it declined to accept the parties' plea agreement, it would have potentially committed reversible error. See United States v. Morales-Rodriguez, 450 F. App'x 658 (9th Cir. 2011) (reversing district court's refusal to accept a guilty plea where the defendant stated he was innocent, because "a defendant's statement that he is not actually guilty 'does not suggest either that the plea was involuntary or that it lacked a factual basis'") (citation omitted).

7

petition for writ of error coram nobis well before the filing of the instant petition in October 2016.  Indeed, in his March 2016 letter to the court inquiring about the possibility of reducing his conviction to a misdemeanor, expungement of the conviction, or a presidential pardon, Kovacs specifically referenced the court's concerns about the factual basis for his conviction as one of the reasons he sought relief.  (See Docket No. 325.)

In other words, Kovacs was personally aware of the grounds for a challenge to his conviction, even if he may not have been aware of the proper procedure for such relief, and he had multiple opportunities to raise such challenge.  As such, this petition differs from other cases where courts have granted coram nobis relief notwithstanding delay by the petitioner.  See, e.g., United States v. Walgren, 885 F.2d 1417, 1421 (9th Cir. 1989) (delay reasonable where applicable law was recently changed and made retroactive); Hirabayashi v. United States, 828 F.2d 591, 605 (9th Cir. 1987) (delay reasonable where new evidence was discovered that the petitioner could not have located earlier); United States v. Kwan, 407 F.3d 1005, 1013-14 (9th Cir. 2005) (delay was reasonable where petitioner's counsel affirmatively misled petitioner regarding the collateral consequences of a conviction).  In none of these cases is there any indication that the respective court specifically raised the grounds that the petitioner would later rely on in his or her petition.

The waiver of the right of appeal or collateral attack in Kovacs' plea agreement does not constitute a valid excuse for his delay.  The court notes that most if not virtually all plea agreements contain such waiver.  To hold that the inclusion of a

waiver in a plea agreement excuses a substantial delay in seeking collateral relief would allow virtually every defendant who pled guilty to seek coram nobis relief after completion of his or her sentence, regardless of the delay.  The court is wary of any holding which could encourage or allow defendants to enter into plea agreements and gain the benefits of such agreements, and then attack the conviction later.

Moreover, Kovacs' PTSD, drug and alcohol use, and depression were all discussed during his change of plea hearing, and the court verified that he was being properly treated for his conditions and that he was in full possession of his faculties at the hearing.  Kovacs does not claim that these issues affected him when he pled guilty, at his sentencing, or during his time of supervised release, nor that they prevented him from challenging his conviction at any time afterwards.  Indeed, in his March 2016 letter to the court, he stated that he had been "sober from drugs" for more than six years.  Thus, Kovacs' past issues with PTSD, drug and alcohol abuse, and depression did not cause any delay in bringing the instant petition.

Because Kovacs has not shown fundamental error and has failed to present valid reasons for his delay in bringing his petition, the court will deny the petition and grant the government's motion to dismiss.[4]  See United States v. Riedl, 496 F.3d 1003, 1006-07 (9th Cir. 2007) (affirming denial of coram

---

[4] Because Kovacs has not shown fundamental error and has failed to present valid reasons for his delay in filing his petition, the court does not address the government's argument that the petition is barred by the plea agreement's appellate waiver.

nobis petition where petitioner could have raised void for vagueness and insufficient evidence claims during trial, on direct appeal, or through a 28 U.S.C. § 2255 petition, where the law remained the same throughout the litigation, there was no indication that any diminished capacity limited her ability to challenge her conviction, and petitioner unnecessarily delayed raising her claims after being released from custody).

IT IS THEREFORE ORDERED that petitioner's petition for writ of error coram nobis (Docket No. 345) be, and the same hereby is, DENIED.

Dated:  March 27, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE